HON. MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PUGET SOUNDKEEPER ALLIANCE, a
Washington non-profit corporation,

Plaintiff,

v.

SKYLINE ELECTRIC &
MANUFACTURING CO., a Washington
corporation,

Defendant.

Case No. 11-01805MJP

**CONSENT DECREE**

## I. STIPULATIONS

Plaintiff Puget Soundkeeper Alliance sent a sixty day notice of intent to sue letter to Defendant Skyline Electric & Manufacturing Co. ("Skyline") on August 25, 2011 alleging violations of the Clean Water Act, 33 U.S.C. § 1251 et seq., relating to discharges of stormwater from Skyline's Facility in Seattle, Washington and seeking declaratory and injunctive relief, civil penalties and attorneys' fees and costs.

Skyline denies any fault, wrongdoing, or liability regarding all claims and alleged violations.

Puget Soundkeeper Alliance and Skyline agree that settlement of these matters is in the

best interest of the parties and the public, and that entry of this Consent Decree is the most appropriate means of resolving this action.

Puget Soundkeeper Alliance and Skyline stipulate to the entry of this Consent Decree without trial, adjudication, or admission of any issues of fact or law regarding Puget Soundkeeper Alliance's claims or allegations set forth in its complaint and its sixty-day notice.

DATED this 1ˢᵗ day of March, 2012.

DAVIS WRIGHT TREMAINE LLP

By _[signature]_
Lynn T. Manolopoulos, WSBA #21069
Attorneys for Defendant
Skyline Electric & Manufacturing Co.

SMITH & LOWNEY PLLC

By _[signature]_
Richard A. Smith, WSBA #21788
Attorneys for Plaintiff
Puget Soundkeeper Alliance

SKYLINE ELECTRIC & MANUFACTURING Co.

By _[signature]_
Title: PRESIDENT

PUGET SOUNDKEEPER ALLIANCE

By _[signature]_
Chris Wilke
Executive Director & Soundkeeper

## II. ORDER AND DECREE

THIS MATTER came before the Court upon the foregoing Stipulations of the parties. Having considered the Stipulations and the promises set forth below, the Court hereby ORDERS, ADJUDGES, and DECREES as follows:

1. This court has jurisdiction over the parties and subject matter of this action.

2. Each signator for the parties certifies for that party that he or she is authorized to enter into the agreements set forth below.

3. This Consent Decree applies to and binds the parties and their successors and assigns.

4. This Consent Decree applies to the operation, oversight, or both by Defendant Skyline Electric & Manufacturing Co. ("Skyline") of its Facility at 3619 7th Avenue S., Seattle,

Washington (the "*Facility*").

5. This Consent Decree is a full and complete settlement of the claims in the complaint and all other claims known and unknown existing as of the date of entry of this Consent Decree, that could be asserted under the Clean Water Act, 33 U.S.C. §§ 1251-1387, arising from operations of the Facility. These claims are released and dismissed with prejudice. Enforcement of this decree is Puget Soundkeeper Alliance's exclusive remedy for any violation of its terms.

6. This Consent Decree is a settlement of disputed facts and law. It is not an admission or adjudication regarding any allegations by Puget Soundkeeper Alliance in this case or of any fact or conclusion of law related to those allegations. It is not evidence of any wrongdoing or misconduct on the part of Skyline.

7. Skyline agrees to the following terms and conditions in full and complete satisfaction of the claims covered by this decree:

   a. Skyline will comply fully with all conditions of its National Pollutant Discharge Elimination System Permit No. WAR000930 (the "*NPDES permit*") and any successor, modified, or replacement permit;

   b. Skyline has installed a Cleanway stormwater filtration device with media designed to capture dissolved metals and directed all of the Facility's roof runoff to the filter. Skyline will inspect the Cleanway filter each month, replace the filter media every quarter, and maintain the filter in accordance with the permit and the manufacturer's specifications.

   c. Not later than thirty (30) days from the date of entry of this Consent Decree, Skyline will amend its stormwater pollution prevention plan and implement the updated plan as follows, and provide Puget Soundkeeper Alliance with notice that it has done so:

   i. Include a site map that identifies surface water locations and waters

adjacent to the site that may be helpful in identifying the stormwater drainage route(s);

    ii.    Provide for quarterly vacuum sweeping of all paved surfaces, including employee parking areas, or describe why doing so is unnecessary or infeasible, or provide alternative and equally effective best management practices for paved parking areas.

    d.    Until December 31, 2013, Skyline will forward copies of all written or electronic communications between it and Ecology concerning its compliance with the NPDES permit and the Clean Water Act, including but not limited to discharge monitoring reports, to Puget Soundkeeper Alliance on or before the end of each calendar quarter.

    e.    All the obligations in this Paragraph 7 will terminate once Skyline commences infiltration of all its stormwater, as discussed in Paragraph 8.

8.    Not later than thirty (30) days from the date of entry of this Consent Decree, Skyline will commission Aspect Consulting LLC to conduct a stormwater infiltration feasibility study at the Facility. Exhibit 1 to this Consent Decree describes the scope of the infiltration study more fully. Not later than six (6) months from the date of entry of the Consent Decree, Skyline will complete the infiltration study, send Puget Soundkeeper Alliance a report summarizing the results of the study, and notify Puget Soundkeeper Alliance whether Skyline intends to infiltrate its stormwater runoff, and if not, why not.

9.    Skyline will pay Puget Soundkeeper Alliance's reasonable attorney and expert fees and costs in the amount $9,000.00 (NINE THOUSAND DOLLARS). Payment will be made within 30 days of the entry of this decree by check payable and mailed to Smith & Lowney, PLLC, 2317 East John St., Seattle, WA 98112, attn: Richard A. Smith. This payment is full and complete satisfaction of any claims Puget Soundkeeper Alliance may have under the Clean Water Act for fees and costs.

CONSENT DECREE - 4
CASE NO. 11-01805MJP
DWT 19130528v1 0069411-000004

10. A "force majeure event is any event outside the reasonable control of Skyline that causes a delay in performing tasks required by this decree that cannot be cured by due diligence. Delay in performance of a task required by this decree caused by a force majeure event is not a failure to comply with the terms of this decree, provided that Skyline notifies Puget Soundkeeper Alliance of the event; the steps that Skyline will take to perform the task; the projected time that will be needed to complete the task; and the measures that have been taken or will be taken to prevent or minimize any impacts to stormwater quality resulting from delay in completing the task.

Skyline will notify Puget Soundkeeper Alliance of the occurrence of a force majeure event as soon as reasonably possible but, in any case, no later than fifteen days after the occurrence of the event. In such event, the time for performance of the task will be extended for a reasonable period of time following the force majeure event.

By way of example and not limitation, force majeure events include

a. Acts of God, war, insurrection, or civil disturbance;

b. Earthquakes, landslides, fire, floods;

c. Actions or inactions of third parties over which defendant has no control;

d. Unusually adverse weather conditions;

e. Restraint by court order or order of public authority;

f. Strikes; and

g. Litigation, arbitration, or mediation that causes delay.

11. This court retains jurisdiction over this matter. And, while this decree remains in force, this case may be reopened without filing fee so that the parties may apply to the Court for any further order that may be necessary to enforce compliance with this decree or to resolve any dispute regarding the terms or conditions of this decree. In the event of a dispute regarding implementation of, or compliance with, this decree, the parties must first attempt to resolve the dispute by meeting to discuss the dispute and any suggested measures for resolving the dispute.

Such a meeting should be held as soon as practical but must be held within 30 days after notice of a request for such a meeting to the other party and its counsel of record. If no resolution is reached at that meeting either party may file a motion with this court to resolve the dispute.

12. The parties recognize that, pursuant to 33 U.S.C. § 1365(c)(3), no consent judgment can be entered in a Clean Water Act suit in which the United States is not a party prior to 45 days following the receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the Administrator of the U.S. EPA. Therefore, upon the signing of this Consent Decree by the parties, Puget Soundkeeper Alliance shall serve copies of it upon the Administration of the U.S. EPA and the Attorney General.

13. This Consent Decree takes effect upon entry by the court. It terminates on December 31, 2013.

14. Both parties have participated in drafting this decree.

15. This Consent Decree may be modified only upon the approval of the court.

16. If for any reason the court should decline to approve this Consent Decree in the form presented, this Consent Decree is voidable at the discretion of either party. The parties agree to continue negotiations in good faith in an attempt to cure any objection raised by the court to entry of this Consent Decree.

17. Notifications required by this Consent Decree must be in writing. The sending party may use any of the following methods of delivery: (1) personal delivery; (2) registered or certified mail, in each case return receipt requested and postage prepaid; (3) a nationally recognized overnight courier, with all fees prepaid; or (4) e-mail. For a notice or other communication regarding this decree to be valid, it must be delivered to the receiving party at the one or more addresses listed below or to any other address designated by the receiving party in a notice in accordance with this paragraph 17.

**if to** Puget Soundkeeper Alliance:

Puget Soundkeeper Alliance
5305 Shilshole Ave. NW, Ste. 150
Seattle, WA 98107
email: chris@pugetsoundkeeper.org

and to:

Smith & Lowney P.L.L.C.
2317 East John St.
Seattle, WA 98112
email: rasmithwa@igc.org

**if to Skyline Electric & Manufacturing:**

Skyline Electric & Manufacturing
Attn: Mike Bell
3619 – 7th Avenue S.
Seattle, WA
e-mail: mike@skylinemfg.net

and to:

Davis Wright Tremaine LLP
Attn: Lynn Manolopoulos
Suite 2300
777 108th Ave. NE
Bellevue, WA 98004
email: lynnmanolopoulos@dwt.com

A notice or other communication regarding this Consent Decree will be effective when received unless the notice or other communication is received after 5:00 p.m. on a business day, or on a day that is not a business day, then the notice will be deemed received at 9:00 a.m. on the next business day. A notice or other communication will be deemed to have been received: (a) if it is delivered in person or sent by registered or certified mail or by nationally recognized overnight courier, upon receipt as indicated by the date on the signed receipt; (b) if the receiving party rejects or otherwise refuses to accept it, or if it cannot be delivered because of a change in address for which no notice was given, then upon that rejection, refusal, or inability to deliver; or (c) for notice provided via e-mail, upon receipt of a response by the party providing notice or other communication regarding this Consent Decree.

DATED this 10th day of March, 2012.

*/s/ Marsha J. Pechman*
HON. MARSHA J. PECHMAN
UNITED STATES DISTRICT JUDGE

Presented by:

| DAVIS WRIGHT TREMAINE LLP | SMITH & LOWNEY PLLC |
|---|---|
| By */s/ L. Manolopoulos* | By */s/ R.A. Smith* |
| Lynn T. Manolopoulos, WSBA #21069 | Richard A. Smith, WSBA #21788 |
| Attorneys for Defendant | Attorneys for Plaintiff |
| Skyline Electric & Manufacturing Co. | Puget Soundkeeper Alliance |

CONSENT DECREE - 8
CASE NO. 11-01805MJP
DWT 19130528v1 0069411-000004